Mr. Thur, when you're ready. Good morning, Your Honor. May it please the Court. Jim Thur here on behalf of the appellant, Mr. Michael Draven. This matter comes before the Court on a Certificate of Appealability issued in December to address the effect of Davis and Taylor on Mr. Draven's successive 2255 motion. It's clear under Davis, as this Court has held, it was a new rule, retroactively applicable, and Mr. Draven filed his successive motion within one year of the Davis decision. And that, we believe, addresses the procedural default issue. We construe the government's argument really to be one of prejudice, which I will get to. But in light of Taylor, the ruling in Runyon, I know the Chief Judge is very familiar with that, from 2020 and amended 2021, that the ruling in Runyon that conspiracy to commit murder for hire resulting in death is a crime of violence simply cannot stand. Because it was predicated on this realistic possibility formula that the Supreme Court rejected in Taylor. Well, I think that we're all for Taylor. I personally am for Taylor, I will tell you that. But there were two predicates here, weren't there? There were, Your Honor. So we had the two predicates. What is your argument with respect to the aiding and abetting? Well, Your Honor, my argument with respect to aiding and abetting, again, is based on Taylor. And what we've presented is that the formula that Justice Gorsuch applied in Taylor of some act plus an intention to commit is insufficient, is indistinguishable from a substantial step in an intent to cause, which supports aiding and abetting liability. Well, of course, as I read the aiding and abetting statute, it talks about aiding and abetting, right? And Taylor talked about something entirely differently, didn't it? It did, Your Honor. It was an attempt. And aiding and abetting, there's a whole slew of case law that says that aiding and abetting is exactly the same as the principal offense. So aiding and abetting carjacking is equivalent to carjacking. So it's very different than Taylor. Your Honor, I concede all of that. I am making an argument for an expansion based on the language in Taylor from the Supreme Court. Language in Taylor doesn't go to an aiding and abetting. Or it doesn't go to the actual crime. It's all about what the language was in Taylor. And what was at issue in Taylor? What was the standard?  It was an attempt at Hobbs Act robbery, Your Honor. It was an attempt. An attempt isn't a crime. And that's what Taylor was about. Your Honor, I agree. I simply believe that the way the Supreme Court decided Taylor, when you look at what is required to prove aiding and abetting, as this Court stated in Burgos, the same evidence that can support a conspiracy can support aiding and abetting liability for the substantive offense. That was the basis of the argument. Okay. Now, the issue that the government raised really is directed towards prejudice. And, you know, here there is the carjacking resulting in death predicate. And we have this split in panel opinions as to what is required to be shown. Runyon stated quite clearly that if you have a general verdict form and you've got two predicates, one is invalid and one is valid, the Court is required to determine whether each predicate offense qualifies as a crime of violence. Now, I concede that in Said, which Judge King is very familiar with, there was a different standard applied, which you needed to show more than a reasonable probability that the jury relied on the invalid predicate. If the Court rejects the carjacking argument that was made, we still have the issue of was there substantial prejudice here because the jury could have relied at more than a reasonable probability on the invalid conspiracy to commit murder for hire resulting in death. And I think when you look at the record, we satisfy that standard. If you look at the government's closing, in addressing count five, page 1577 of the joint appendix, the prosecutor said once they start this conspiracy, once they all make this agreement, that one actor can follow through this agreement and commit the crime for them. So the theory presented to the jury on count five, the 924J, was predicated on the conspiracy. And here, the carjacking and the conspiracy to commit murder for hire were not coextensive. In Said, Mr. Said was in the skiff when they attacked the Ashland. So when the firearms were discharged, Mr. Said was in the skiff. The conspiracy brought him there. If the court looks at Ali, Ali was the getaway driver. He participated in the robberies. He dropped a bag of money as he left one of the robberies. That's not the case here. Mr. Draven was not in the car. Mr. Draven was not present for the carjacking resulting in death. And we think that distinguishes Mr. Draven from Ali and Said if the panel follows that line versus the Runyon-Simmons line, which simply said that both predicates have to meet crime of violence criteria on a general verdict form. But you don't get into any of that if you just look at the aiding and abetting defense. It's a predicate, right? Your Honor, it's a predicate. If the court rules it's a predicate, you still then, if the court were to follow Said and Ali, you would still then have to inquire, since it's a general verdict form, is there more than a reasonable probability that the jury relied on the invalid predicate? Conspiracy to commit murder for hire resulting in death after Taylor is not a crime of violence. Because that realistic possibility that the Runyon court relied upon has been abrogated by the Supreme Court and Taylor. There is no mens rea required for resulting in death. All you need is causation. That's what Burrage teaches. But we're now here on 2255, right? I am. So you have to show prejudice. And if you have a valid predicate, there isn't prejudice. I disagree with Your Honor. In that, if you have a general verdict form where the jury was not required to identify the predicate to support the 924J conviction, then if I can show more than a reasonable probability, again, if we're applying Said and Ali as opposed to Simmons and Runyon, then that valid predicate is insufficient to support the 924J. So this case has been interesting because when it started in June of 2020, it was pre-Runyon. It was pre-Ali. It was pre-Simmons. It was pre-Said. It was pre-Taylor. So it's been an interesting journey. But for the law applicable today, if you look at the Said construct, there's no doubt there was a general verdict form. There's no doubt that there were two predicates that went to the jury purportedly to satisfy the 924J in Count 5. One is conspiracy to commit murder for hire resulting in death, which post-Taylor, we argue, is not a crime of violence, even though it resulted in death, because as Justice Gorsuch said, the only relevant question is whether the federal felony at issue always requires the government to prove, beyond a reasonable doubt, as an element of the case, the use, attempted use, or threatened use of force. And when you look at Borden, recklessness could be the cause. When you look at Burrage, it's simply but-for causation, for resulting in death. So post-Taylor, conspiracy to commit murder for hire resulting in death is not a crime of violence. That's what Davis, Taylor, Borden show us. So, we have this general verdict form. What did the jury rely upon? If you apply Said, and you require more than a reasonable probability from the appellant that the jury relied on an invalid predicate, I believe that, unlike Ali, unlike Said, Mr. Draven wasn't in the car. He what? He was not in the car. The carjacking occurred over a course of a couple minutes at the bank. But he was convicted of aiding and abetting the carjacking. Correct, Your Honor. But this is the use or carrying of the firearm. The aiding and abetting is a principle. Correct, but that's... He was convicted of carjacking. He was convicted of aiding and abetting the carjacking. Aiding and abetting is a principle. That's what section 2 of title 18 says. And aiding and abetting is a principle. True, but we're here for count 5. And count 5 involves, as charged, was carrying or use of a firearm. And the conspiracy lasted for months. The carjacking lasted for minutes. It's important also that Mr. Draven wasn't charged with conspiracy to commit carjacking resulting in death. It was conspiracy to commit murder for hire resulting in death. So, as he's not in the car, unlike Saeed who's in the skiff, and Ali who is the driver and at the robbery. Aiding and abetting the carjacking. Your Honor, but I don't concede that that gets you to the 924J. Because again, the jury, there's more than a reasonable probability, again if we apply Saeed, I've gone way over my time, I'm sorry. You may continue. There is more than a reasonable probability if the... Where do you argue in your brief, the argument you're making right now, that there is, in your language, more than a reasonable probability  I did not, Your Honor. Good, because I thought I'd missed it. No, I did not. What I argued in my brief, Your Honor, is that the prior panel opinion should control. Runyon... Prior opinion. In Runyon, Your Honor... Yes, but if we go and look at the other predicate, we never get into that. Your Honor, I respectfully disagree. Because when you read Runyon, what Runyon says is, since we have two predicates, they both must qualify as crime of violence, as crimes of violence, because of a general verdict form. And then it analyzed. Very quickly, the carjacking said, carjacking we need not deal with very often. Evans says, carjacking is a crime of violence. And then they spend extensive analysis on conspiracy to commit murder for hire resulting in death, to establish at that point, pre-Taylor, that conspiracy to commit murder for hire resulting in death was also a crime of violence. So, it's interesting, of course, because Runyon, of course, is this case. Runyon is Mr. Draven's co-defendant. So, we have, you know, this court opined in this case that that's the analysis you follow on a successive 2255 when faced with a general verdict form. Now, I can see that Ali and Sayeed did not. It's a different thing. The case in the district court is not in this case in the appellate court. Your Honor, I misspoke. That's correct. I blurred those lines. But it's not law of the case, certainly not. I just, it's an interesting, I think, comparison in that the facts are obviously the same. The predicate here, not speaking in terms of conviction, but the predicates in terms of the factual basis are the same. So, when he talks about an intent, it's just an intent. That was the basis. And you don't get to violence, necessarily, because it's just intent, attempts. But here, doesn't it have to result in death? And we're saying that's an act of violence itself. And that was the intent of the conspiracy. So, even though it is conspiracy, which normally, you know, conspiracy commit, you know, Hobbs Act robbery is not enough, and we know that attempted is not. To hire someone, to kill someone, and it didn't stop there. I agree, if it stopped there, then that would be Taylor. Because that's an intent, it's intent. But it says, no, it must result in death. And so, why is it that the violence there, which is the mens rea, which that was your intent to do so, even if, let alone the, you know, the aiding and abetting, it just might say you're attributable to the fact that you ended up. But as your problem, both have to fit in a general verdict. I understand it's a good argument. But now I'm asking you, why is it covered? Aren't you distinguishing from, isn't it distinguishable from Taylor? Because Taylor, that was just the intent. But here, this requires someone to die because of your agreement to hire to kill. Well, your honor, I believe that, and I'm going to run out of time. No, you know, you're okay right now. The, when you look at Taylor, it specifically eviscerated this realistic possibility. And Runyon conceded there was no specific intent necessary for the resulting in death. There was no mens rea for the resulting in death. And it relied upon its analysis that since there was no realistic possibility that anyone would be charged with conspiracy to commit murder for hire resulting in death based on accidental negligence conduct, therefore, it was a crime of violence. And that is what Taylor has definitively, I believe, invalidated. So, you can commit, theoretically, and I understand we get to strange places with the modified categorical approach, but we can get to a place where conspiracy to commit murder for hire resulting in death can happen recklessly, can happen negligently, can happen accidentally. And that is not the use, attempted use or threatened use of force, which defeats it being a crime of violence. But you had the mens rea to kill. You have the mens rea to And that's the, that's the idea of the mens rea is that it's okay, let's say you're right. It may not have happened like, are you talking about the situation where you go to kill someone and they see you come in and have a heart attack. You're saying that that would necessarily be, it could be completed and it's not violence. But it was your intent to kill them. So, I mean, so, isn't that different? And it was completed. Your Honor, but categorically, it could have been completed in any of a number of ways that would not involve the use, attempted use or threatened use of force. It could have been, it could have been completed. Because again, the mens rea doesn't extend to the resulting in death. And Runyon concedes that. There's no, and when you look at the jury instruction here, it was but for causation for element. I think it was four, maybe it was five. And the death of Corey Voss resulted. So, there is no mens rea for the conspiracy for the use of force to result in death. And that, I think, we have now post-Taylor, which I believe aggregates Runyon's analysis. Okay. Thank you. Mr. Cook. May it please the Court. The carjacking resulting in death predicate readily resolves this case. Could you address, I guess I haven't understood. I thought that too. But then, he suggested to me that wasn't so. So, could maybe you address that argument head on? Sure. And I'll break it into a couple of parts. And Your Honor, feel free to tell me if I'm not addressing the part that most interests you. The first part is, is carjacking resulting in death a crime of violence? As to that question, this Court held in Evans and reaffirmed it in Runyon that it is a 924C3A predicate. The defendant, as I understand it, his only argument to say that it isn't is to say, well, you had to have aiding and abetting liability here and Taylor somehow altered whether aiding and abetting liability affects that a crime that otherwise fits under 924C3A does not. And as this Court's held in Ali and in Said and the Seventh Circuit recently in the Worthen opinion had an extended analysis of why Taylor doesn't change that. It just doesn't. So, the aiding and abetting carjacking resulting in death, the completed carjacking resulting in death satisfies 924C3A. And I would add, in this case... I'm sorry to interrupt you, but I thought the gist of his argument or the gist that I took from it, there were many gists to it, was that you have to prove both. You have to also show that the other thing, the other thing that he's charged with, in other words, there can't be a way out that something is not a crime of violence. I think I understand.  the first issue is carjacking resulting in death a crime of violence under 924C3A. Don't say that it wasn't. Yes. The second issue is, okay, there were two predicates here. Does one bad predicate mean that it's not a valid 924J? And on that, I think he's got some distinct arguments, and let me address each one. I'll start with his argument that, okay, assume that the standard in Said and Ali about harmlessness is controlling, which it is. And I'll get to in a moment why it is. But under Said, the government, the defendant, since this is collateral review, has to show not merely that it was impossible to tell under which prong the jury convicted or, you know, which of the predicates. He has to show that the jury found him only guilty on the bad predicate. And in this case, you really don't have to parse the harmlessness standard that much. And let me walk through why that's so. The jury found separately from the 924J both predicates. So the jury convicted the defendant of carjacking resulting in death. And he also, the jury also convicted him of conspiracy to commit murder for hire with death resulting. That was in counts one and two. That's right. So those... And five is the other one. Right. That's right. On the same piece of paper they convicted him of the subsidy. Right. So you don't have to wonder whether the jury thought this defendant was guilty of carjacking resulting in death. They found him guilty of that. So we have a record that we know the jury thought that. What's left then is, okay, you have to show the government clearly has to show the relationship between the predicate crime and the firearm. So here the 924J charged that the firearm was used or carried during in relation to each of the predicates. The nature of the carjacking resulting in death elements go a very long way to answering that question because we know that in finding the defendant guilty of carjacking resulting in death the jury found that the victim Corey Voss died. The only way that Corey Voss died was being shot. And so I don't even see on this record you could think that the jury thought that he didn't that the firearm wasn't used during in relation to the carjacking because in finding carjacking resulting in death they found the victim died and the only evidence in the case about how that death occurred was from gunshot. And so it just is I don't think you have to look at a refinements on the harmlessness standard to say that of course the jury if they were presented only with the 924J that had simply carjacking resulting in death would have convicted because they found the defendant guilty of carjacking resulting in death and built into the elements of carjacking resulting in death is all the fact finding that would get you to the 924J firearm elements that you have to meet. And I mean separately from even the conviction on the 924J the evidence overwhelmingly supported it. And so there just is not a reasonable path for the defendant to meet his burden of showing that he was harmed by having the conspiracy to commit murder for hire with death resulting predicate in there and that's assuming that that's a bad predicate. It just that I think the this court's precedent in Saeed and Ali about how you do the harmlessness analysis on this record dictates a loss for the defendant on his challenge to the 924J. Now let me turn to his argument that Saeed and Ali are really not controlling precedent. And his argument there is that when the Runyon panel opinion came out which predated Saeed and Ali it somehow dictated that you couldn't do this fact-based harmlessness inquiry. And that's simply not tenable. There's some language in the Runyon opinion that could suggest what the defendant is saying, but in Runyon the government moved for    petition. And if you look, you had this language in there about the harmlessness standard that's wrong and the court, and this is if you were to go and look at the docket in Runyon, the government's panel rehearing petition is docket 106 and the court's opinion struck that language. Then when Ali came out, the defendant in Ali filed a petition for rehearing on bunk saying, look, Ali is in conflict with Runyon and Ali at that stage was very ably represented by a Supreme Court practitioner from Wilmer Hale who argued that there was this conflict between the Runyon panel opinion and the Ali opinion and this court appropriately denied rehearing on bunk and then the defendant filed a cert petition and the Supreme Court denied cert. I'm not aware of any court of appeals having rejected the basic   Runyon panel opinion. I'm grasping at straws here. There is not a credible argument that the standard laid out in Said and Ali is anything other than the binding precedent of this court. At worst, what you would say is the language from the Runyon panel opinion was just dicta because they said both the predicates were valid so you don't really have to talk about what happens if one of them is invalid. But again, I think the court modified the opinion to such an extent that it should not be treated as having decided the issue and this court went on and has treated Runyon as not having decided the issue and that's the law of this circuit. And so the standard from Said and Ali about how to do the harmlessness analysis controls. Also, I would say that as to the Runyon panel opinion that predated Said and Ali, it couldn't have affected the Supreme Court's judgment. And we know it's well settled law that the jury is the one that decides whether the predicate crime of violence was committed. The jury decides whether the defendant committed is responsible for carjacking resulting in death or the conspiracy to commit murder for hire and the jury decides whether that crime has the requisite relationship to the firearm. And in light of those being both factual inquiries, it's just directly controlled by the way the Supreme Court has analyzed in cases like Yates and Skilling and Pulidor that you just look at the using normal harmlessness principles. And the normal harmlessness principles here lead you back to the fact that the jury did find this defendant guilty of carjacking resulting in death and those findings show that the jury accepted that a firearm furthered that predicate because that's how they killed Corey Voss. So your position that Taylor had no impact on our precedent at all, that line? Not as to the carjacking resulting in death. You can have a separate discussion about the conspiracy to commit murder for hire predicate. You only have to have one of them is your position. Right. And so you don't have to reach that question in this case. You could simply decide that the carjacking predicate suffices under Ali and that there is a direct application of controlling precedent that is entirely uncontroversial and dictated by the record and it makes it short and easy work of this case. Did you want to hear the other argument? No. Okay. Anything further? If the court has no further questions, I'd ask that you affirm. Thank you. Mr. Cook. Mr. Stewart, you have some time. Thank you, Your Honor. To address briefly the comments by my colleague, the yes, I agree that there was clear use of a gun in the carjacking resulting in the death of Corey Voss and it is clear from the record that Mr. Draven was convicted of aiding and abetting the use and carrying of a firearm related to one of the two predicates. It did not specify in the finding of the jury in count five that it was relied upon in the carjacking resulting in death. So that does not satisfy, that doesn't answer the question here even if the court were to apply a  sentence. I also note that when... Say we sorry I can't speak today except your argument on that, where we go there. So that gets rid of one count in your view. Right, Your Honor. And that's the issue here of Mr. Draven has the three life sentences as we stand here today. He's got the mandatory life on count one, he's got term of years but imposed life on count two and he's got life on the 924J. And if the court  invalidate conviction on 924J he would still have two life sentences. But we are arguing that the court nevertheless remained under the sentence until 2009 and now we have had really a sea change between the first step act, between compassionate release and modification of sentence. And we believe that we're taking the long view that over time if the conviction on count five is vacated and he is resentenced on count two to some term of years, that will ultimately help him down the road for a potential modification of sentence, compassionate release motion or in the event there is a change to the law that removes the mandatory life sentence on the 1958A conviction. So that's why the remedy we ask is that the court vacate count five and remand for resentencing under the first step act. Mr. Cook is absolutely right that in Runyon one line was omitted but the language I quoted to the court in my opening argument was not. The court nevertheless did say that we are required to determine whether both predicates are crimes of violence. That language was not omitted. It could have simply said car jacking resulting in death is a crime of violence, we're done, and the rest of the opinion until you get to the death penalty phase argument would have been unnecessary. That's certainly not what the government is arguing here. So there was a reason why Runyon addressed both and we would ask that the court acknowledge that with Taylor the analysis on murder resulting in death is no longer a crime of violence. If there are no further questions I have no further comments. Thank you. We note that you were caught upon in this case and we also on behalf of the fourth circuit appreciate your helping us on these cases. We thank you for that service. We also ask the clerk to announce a brief recess. This honorable court will take a brief recess.
judges: Roger L. Gregory, Robert B. King, Diana Gribbon Motz